UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------x

EPHRAIM M. SUTTON,

                        Plaintiff,          DOCKET NO. 17-CV-5370

                                      **PROPOSED AMENDED JOINT**

ASSOCIATED CREDIT SERVICES, INC.,     **PRE-TRIAL ORDER**

                     Defendants.

-----------------------------------x

     The parties, EPHRAIM M. SUTTON, as plaintiff, and ASSOCIATED CREDIT SERVICES, INC., as defendant, present this Joint Pre-Trial Order through their respective counsel.

     1.  Caption:  There have been no changes.

     2.  Parties are:

     a) Plaintiff, Ephraim M. Sutton, is represented by Levi Huebner & Associates, PC, 488 Empire Boulevard, Suite 100, Brooklyn, NY 11225., Tel: 212-354-5555 and Lawrence Katz, Esq. 70 East Sunrise Highway, Suite 500, Valley Stream, NY 11581. Tel: 516-374-2118.

     b)  Defendant, Associated Credit Services, is represented by Arthur Sanders, Barron & Newburger, P.C., 30 South Main Street, New City, NY 10956.  Tel:  845-499-2990.

     3.   Jurisdiction: (i) Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq., (ii) the allegation is the failure

to communicate a dispute of an alleged debt and the collection of a false debt, and (iii) all the relevant facts happened in the Eastern District of New York.

4. **Matters for Trial:**

   a) **Claims** as presented by plaintiff:  in violation of several provisions of §1692e, defendant falsely communicated an alleged debt without communicating its dispute and the defendant communicated that the referral of the debt to a debt collector voided the dispute made with the original creditor requiring the consumer to restart the dispute.

   b) **Defenses** as presented by defendant:  Defendant claims that the creditor, National Grid, never informed it of any dispute that plaintiff may have had regarding the debt.  In addition, plaintiff never lodged any dispute with the defendant.

5. **Trial:**

   a) Plaintiff demands a jury trial; and

   b) Defendant has not demanded a jury trial but does not object to plaintiff's demand.

6. Relief sought:

   a) Plaintiff seeks (i) statutory damages, (ii) actual

damages and (iii) legal fees with costs; and

    b)  Defendant seeks judgment of dismissal.

7.  Witnesses:

    a) Plaintiff's witnesses are:

       (i) Ephraim Sutton.  He will testify as follows:

    A)  That on or about August 31, 2016 plaintiff notified National Grid that he moved and closed the consumer Account for natural gas.

    B)  As of August 31, 2016, plaintiff no longer resided at 2541 Mill Avenue, Brooklyn, NY.

    C)  As of September 12, 2016, plaintiff paid off his outstanding balance with National Grid for the sum of $397.57.

    D)  On or about January 19, 2017, plaintiff purchased his home via a short sale, utilizing a hard money loan with a maturity date of six months and the interest rate was 14% per annum.

    E)  At some point afterwards, plaintiff attempting to redeem the hard money loan by obtaining a conventional mortgage at a rate below 6%.  However, because of defendant's misrepresentation of a false debt on the consumer's credit report, plaintiff could not obtain a mortgage and was required

to continue the hard money loan beyond its duration, causing plaintiff to incur damages of high interest rate as follows:

    a)  On or about March 8, 2017, plaintiff learned that National Grid improperly continued to bill him for supplying gas to the vacated premises ("debt").

    b)  On or about March 8, 2017, plaintiff disputed the charges with National Grid and requested that National Grid mark the debt as disputed.

    c)  Thereafter, the defendant obtained the disputed debt from National Grid and reported the debt to the credit reporting agencies without communicating the dispute.

F)  At all relevant times, the negative reporting on plaintiff's credit report occurred right at the time plaintiff plaintiff sought to obtain a conventional mortgage causing plaintiff to remain locked into the hard money loan at an exorbitant rate.

    ii.  Sarah Sutton will testify as follows:

    A) That she is the spouse of plaintiff.

    B)  That on August 31, 2016, plaintiff notified National Grid that they were moving and requested to close their

account.

C)   That on August 31, 2016, plaintiff no longer resided at, nor possessed the access to, the premises 2541 Mill Avenue, Brooklyn, NY.

D)   That on or about September 12, 2016, plaintiff paid off the outstanding balance with National Grid.

E).   That on or about January 19, 2017, plaintiff and his wife purchased their home via a short sale, requiring them to undertake a hard money loan to complete the closing.

 F)   On or about March 8, 2017, plaintiff learned that National Grid improperly continued to bill them for supplying gas to the premises ("debt").

G)   That on or about March 8, 2017, plaintiff disputed the charges with National Grid.

iii.   Natalie Gillard will testify as follows:

A)   That on or about August 31, 2016, plaintiff notified National Grid that he was moving and requested to close his account, stating as of August 31, 2016 he no longer resided at 2541 Mill Avenue, Brooklyn, NY.

B)   That on or about September 12, 2016, plaintiff paid

off the outstanding balance with National Grid for the sum of $397.57.

C)   On or about March 8, 2017, plaintiff disputed the debt with National Grid and the debt was marked as disputed.

iv.   Gabe Tennenberg of FM Home Loans will testify as follows:

A)   That as a direct result of defendant reporting plaintiff's debt on plaintiff's credit report without communicating the dispute, plaintiff's credit score dropped, causing plaintiff to allegedly become ineligible for a conventional mortgage with a low interest rate, and that as a direct result plaintiff was unable to redeem the hard money loan for a conventional mortgage.

B) That plaintiff incurred money damages in being forced by defendant to continue the hard money loan instead of a conventional mortgage.

v.   Gabriel Pollack  of D.I.Y. Trucking will testify as follows:

A)   That on August 31, 2016, DIY moved plaintiff's residency from 2541 Mill Avenue, Brooklyn, NY to Woodmere.

vi.   Solomon Rosengarten of Yemtz, LLC, will testify as
follows:

> A)   That plaintiff purchased his residence in Woodmere,
> NY, via a short sale and that the closing was paid
> through a hard money loan.
>
> B)   On or about March 11, 2019, plaintiff was furnished
> with a Satisfaction of Loan.
>
> C)   On or about April 3, 3019, plaintiff was furnished a
> Payoff Letter.

b)   Defendant's witnesses are as follows:

> i. Defendant will call either Andrew Robinson or Jason
> Neel to testify on defendant's behalf.   Both individuals
> are executives with Associated Credit Services.   Either
> witness can testify as to the books and records of
> Associated Credit Services.

8.   The parties stipulate to the following Statement of Facts
as uncontested:

> a)   Plaintiff is a "Consumer" as defined by FDCPA.
>
> b)   Defendant is a "Debt Collector" as defined by FDCPA.
>
> c)   Defendant was attempting to collect a "Debt" as
> defined by the FDCPA.

d)   On or about August 2017, defendant communicated to Equifax that plaintiff owed the debt of $912.00 without communicating whether the debt is in dispute.

9.   The exhibits are noted below:

a)   Plaintiff's exhibit are as follows:

i.   Plaintiff's Equifax Credit Reports dated 8-18-17 and 8-31-17.

ii.   Plaintiff's mortgage documents.

iii.   Plaintiff's fax communication to National Grid dated March 8, 2017 and documents (Moving Invoice dated August 31, 2106 and the ConEdison bill dated February 8, 2017) sent to National Grid.

iv.   Plaintiff's Moving Invoice dated August 31, 2016.

v.   Plaintiff's lease dated August 28, 2016.

vi.   Plaintiff's ConEdison bill dated February 8, 2017.

vii.   Satisfaction from Yemtz, LLC, dated March 11, 2019.

viii.   Payoff Letter from Yemtz, LLC, dated April 3, 2019.

ix.   Defendant's response to plaintiff's request for document production.

X.   Defendant's response to Plaintiff's request for Interrogatories.

    xi.   Defendant's response to Plaintiff's request for
admissions.

    xii. The collection letter from defendant dated August 28,
2017 and the attached running balance statement.

b)  Defendant's Exhibits:

    i.  Defendant's collection notes, kept in the ordinary
course of business.

    ii.  Correspondence from defendant to plaintiff.

    iii.  Statement from National Grid showing balance due.

    iv.  MP3 recording of conversation with plaintiff and
defendant's representative.

    v.  Plaintiff's deposition transcript.

    vi.  Plaintiff's response to defendant's request for
document production.

    vii. Plaintiff's response to defendant's request for
interrogatories.

    viii. Plaintiff's response to defendant's request for
admission.

10.  The motion in limine deadline is to be set by the Court.

Dated: New City, NY
      June 21, 2021

SO ORDERED

_____

Rachel P. Kovner, District Court Judge